IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM B. SHYCHUCK and SHIRLEY SHYCHUCK,<br><br>          Plaintiffs,<br><br>    v.<br><br>CHESAPEAKE APPALACHIA, LLC and CHK UTICA, LLC,<br><br>          Defendants. | Civil Action No. 13-375 |

## MEMORANDUM OPINION

This is an action seeking a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201 ("Act"), to quiet title in certain property interests and a permanent injunction. Jurisdiction is predicated upon diversity of citizenship under 28 U.S.C. § 1332. (Docket No. 12).[1] Plaintiffs, William B. and Shirley Shychuck ("Shychucks"), seek a determination under Pennsylvania law that, Defendants, Chesapeake Appalachia, LLC and CHK Utica, LLC, have no rights under an oil and gas lease entered into between Plaintiffs and O&G Investment Holdings, LLC. (Docket No. 12). Plaintiffs also claim that Defendants purportedly attained some interest in the property by way of invalid assignments of said oil and gas lease. (*Id.*). Defendants have moved to dismiss Plaintiffs' Amended Complaint, arguing that Plaintiffs have failed to state a claim for relief under Pennsylvania law, which Plaintiffs oppose. (Docket Nos. 14, 15, 17, 19). The Court entered a show cause order on the parties on May 24, 2013 as to why this matter

---

[1] Plaintiffs filed their original complaint in Beaver County on February 13, 2013, seeking a declaratory judgment pursuant to 42 Pa.C.S.§7531. (Docket No. 1 at Ex. 2). Defendants removed the case on March 14, 2013 and filed a motion to dismiss in this forum on March 21, 2013. (Docket Nos. 1, 4, 5). In response, Plaintiffs filed an Amended Complaint seeking declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201 ("Act") on April 5, 2013, only then invoking this Court's discretionary power.

1

should not be remanded to the Court of Common Pleas of Beaver County. (Docket No. 18). Defendants responded by filing a brief, "acknowledg[ing] this Court's discretion to hear this matter," but nevertheless opposing remand. (Docket No. 21 at 3). For the reasons stated below, the Court declines to exercise jurisdiction over this action.

"The Declaratory Judgment Act does not mandate that federal district courts exercise jurisdiction over every declaratory judgment action." *Allstate Property and Cas. Inc. co. v. Owens*, Civ. No. 11-4, 2011 WL 94412, *1 (W.D. Pa. Jan. 11, 2011) (quoting *Allstate Ins. Co. v. Seelye*, 198 F.Supp.2d 629, 630-31 (W.D. Pa. 2002)). The Act provides, in relevant part, that a court "*may* declare the rights and the other relations of any interested party." 28 U.S.C. § 2201 (emphasis added).[2] Accordingly, the jurisdiction conferred by the Act is discretionary, and district courts are under no compulsion to exercise it, "even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995); *see also State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 133 (3d Cir. 2000). Indeed, the fact that this case was properly removed by the Defendants does not leave the Court without the authority to exercise jurisdiction under 28 U.S.C. § 2201. *See R & D Logistics v. Bessemer & Lake Erie R. Co.,* Civ. No. 12-1443, 2012 WL 5386571 (W.D. Pa. Oct. 31, 2012). None of the exceptions that limit a District Court's discretion to decline jurisdiction, such as "when the issues include[] federal statutory interpretation, the government's choice of a federal forum, an issue of sovereign immunity, or adequacy of the state proceeding" are present here. *Summy*, 234 F.3d at 134 (citing

---

[2] In pertinent part, the Declaratory Judgment Act provides:
> [i]n a case of actual controversy within its jurisdiction, … any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

*United States v. Commonwealth of Pennsylvania, Dep't of Envtl. Res.*, 923 F.2d 1071, 1076-79 (3d Cir. 1991)).

The United States Court of Appeals for the Third Circuit has counseled that "federal courts should hesitate to entertain a declaratory judgment action where the action is restricted to issues of state law." *Atl. Mut. Ins. Co. v. Gula*, 84 Fed. App'x 173, 174 (3d Cir. 2003) (citing *Summy*, 234 F.3d at 134-35). The Third Circuit emphasized that:

> the state's interest in resolving its own law must not be given short shrift simply because one party or, indeed, both parties, perceive some advantage in the federal forum. When the state law is firmly established, there would seem to be even less reason for the parties to resort to the federal courts.

*Id.* Significantly, the issues of Pennsylvania oil and gas property rights in this case present no federal questions, nor do they promote any federal interest. This weighs heavily against the Court exercising jurisdiction over this declaratory judgment action. *Seelye*, 198 F. Supp. 2d at 631. In addition, "the state's interest in determining issues of state law also weighs against exercising jurisdiction in declaratory judgment actions." *Gula*, 84 Fed. App'x at 175 (quoting *State Auto. Mut. Ins. Co. v. Toure*, No. 02-CV-7986, 2003 U.S. Dist. LEXIS 15495, at *5 (E.D. Pa. Aug. 7, 2003)). It is well-settled that Pennsylvania has a fundamental interest in the administration of its property law. *See generally Butner v. United States,* 440 U.S. 48, 55, (1979). Since this dispute can only by resolved by the strictures of long-established Pennsylvania oil and gas law, in and of itself a mixture of Pennsylvania property and contract law, there is even less reason for the parties to litigate their dispute in federal court. *R & D Logistics* 2012 WL 5386571; *Jacobs v. CNG Transmission Corp.*, 332 F. Supp. 2d 759, 772 (W.D. Pa. 2004).

Defendants' attempt to distinguish the Court's citation to *Cabot Oil & Gas Corp. v. Jordan,* 698 F. Supp. 2d 474, 479 (M.D. Pa. 2010), is unpersuasive. In *Cabot Oil & Gas*, Judge Conaboy declined jurisdiction, over a similar declaratory judgment action, because of the potential broad impact on oil and gas leases in Pennsylvania, holding that state courts should make vital determinations when there is a lack of clarification on state law. 698 F. Supp. at 479. Evident by the Defendants' two motions to dismiss and the Plaintiffs' response in opposition, all citing predominantly 19th century Pennsylvania cases, there appears to be a lack of recent decisions clarifying the law regarding the validity of allegedly improper assignments. (Docket Nos. 4, 14, 17, 19). If this area of Pennsylvania law needs to be revisited, it should not be by a federal court of limited jurisdiction, but rather by the appropriate state court.

While a party's objection to a district court's exercise of jurisdiction in a declaratory judgment is a factor that would support the decision to decline jurisdiction, it is not a necessary one. *Summy*, 234 F.3d at 136. Although Defendants aver that Plaintiffs have never objected to the jurisdiction of this court, this Court may, nevertheless, decline jurisdiction in a declaratory judgment action *sua sponte*. *Id.*; *see also R & D Logistics* 2012 WL 5386571. To the extent that Defendants urge the Court to retain jurisdiction because remaining in this forum will "inevitably lead to a faster resolution of the parties' disputes," they have offered no evidence to support this assertion and the Court does not believe that any delay will result, given that the Court of Common Pleas in Beaver County is a skilled and efficient Court. (Docket No. 21). While Defendants stress that significant time has already been invested litigating in this forum, citing their counsel's initial effort to coordinate a discovery plan, the parties "met and agreed on the

Rule 26(f) Report" prematurely, without being ordered to so by the Court. (Docket No. 20); *see* LCvR 16.1 (the Court shall enter an order setting the dates for filing of Rule 26(f) report).[3]

Defendants also contend that potential discrimination by the state court against them as non-citizens, outweighs the state's interest, and supports this Court retaining jurisdiction. (Docket No. 21 at 3). Again, Defendants provide no evidence which suggests that the Beaver County Court cannot fairly adjudicate this dispute. In this Court's estimation, in the absence of contrary evidence, adjudication of this case by the Court of Common Pleas of Beaver County, does not run the great risk of discrimination against non-citizen parties that Defendants believe exists.[4] Instead, this Court finds that the state court's exercise of jurisdiction comports with the notions of fair play and substantial justice, as Defendants, in choosing to do business in Beaver County, should have reasonably foreseen they could be haled into court in Beaver County to resolve disputes particularly related to land rights.[5] *Burger King v. Rudzewicz*, 471 U.S. 462,

---

[3] Moreover, the parties have not wasted their time and their client's resources in conferring on the case, as this action will continue in Court of Common Pleas of Beaver County, where such a conferral will be helpful to that Court's case management process. *See* LR212.2B. *Court of Common Pleas – Local Rules of Civil Procedure, available at:* http://www.beavercountypa.gov/courts/courts-common-pleas/courts-common-pleas-local-rules-civil-procedure.

[4] The Court notes that Defendants are represented by the very capable law firm of Reed Smith LLP, founded in Western Pennsylvania in 1877, that is "uniquely positioned to provide the entire spectrum of legal services attendant to th[e] phenomenon" that has the "region's vast natural resources []re-establishing Pittsburgh as one of North America's energy centers." *See* Reed Smith Pittsburgh, *available at* http://www.reedsmith.com/Pittsburgh-United-States-of-America/. Each of the counsel appearing for Defendants are based in Reed Smith's Pittsburgh Office, approximately 40 minutes from Beaver, PA, the site of the courthouse, and has extensive experience in Pennsylvania oil and gas law. *See* Reed Smith: Kevin C. Abbott *available at* http://www.reedsmith.com/kevin_abbott/ ("Kevin is currently advising natural gas exploration and production companies on issues related to exploration of Marcellus and Utica Shales in Pennsylvania, West Virginia, Ohio and New York. He is the adjunct professor for oil and gas law at the University of Pittsburgh School of Law"); *see* Reed Smith: Nicolle R. Snyder Bagnell *available at* http://www.reedsmith.com/nicolle_bagnell/ ("Nicolle is the team leader of the Oil & Gas Subsector of the firm's Energy and Natural Resources Group. She represents energy clients in various matters and specializes in litigation and regulatory issues regarding natural gas production from Shale formations in Appalachia"); *see* Reed Smith: Lucas Liben *available at* http://www.reedsmith.com/lucas_liben/ (" Luke has focused his practice on oil and gas issues in the Marcellus Shale"); *see also* Kevin C. Abbott & Nicolle R. Snyder Bagnell, *Recent Decisions Affecting the Development of the Marcellus Shale in Pennsylvania*, 72 U. Pitt. L. Rev. 661 (2011).

[5] Indeed, the property in question is located at 455 Gas Valley Rd, Georgetown PA, in Beaver County, bordering the West Virginia State line, only 30 minutes from the Beaver County Courthouse. (Docket No. 12 at Ex.

476 (1985) (citing *Int'l Shoe v. Wash.*, 326 U.S. 310, 320 (1945)).  The Court reiterates that it has discretion to decline jurisdiction over this action, "even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton*, 515 U.S. at 282.  This dispute is not governed by federal law and there are no federal interests at stake.  The Court finds and rules that the state court is more than capable of resolving this dispute in accordance with its state court precedent.  Therefore, in the use of this Court's discretion, the Court will not exercise jurisdiction over this declaratory judgment action.

For the foregoing reasons, it is hereby ORDERED that Plaintiffs' declaratory judgment action is remanded to the Court of Common Pleas of Beaver County, Pennsylvania.  An appropriate order follows.

     *s/ Nora Barry Fischer*
     Nora Barry Fischer
     United States District Judge

Date:  June 11, 2013
cc/ecf: All counsel of record.

---

1).  Likewise, the Recorder of Deeds for Beaver County  is located in the Beaver County Courthouse.  *See* Beaver Recorder of Deeds http://www.beavercountypa.gov/recorder-deeds/recorder-deeds-seeking-information.